UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLENY ORTIZ,
an individual,

    Plaintiff,

v.

Case No.:

EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, MARLENY ORTIZ (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages for Experian's and TransUnion's violations of the FCRA wherein Experian and Trans Union each continued to incorrectly report Plaintiff as the individual responsible for the alleged Discover Products, Inc. ("Discover"), Community Bank, N.A. ("CBNA"), TD Bank, N.A. ("TD Bank"), JPMorgan Chase Bank, N.A. ("Chase"), and GoodLeap, LLC ("GoodLeap")

1

accounts after Plaintiff repeatedly disputed and advised that any balance allegedly owed was a result of identity theft and fraud, and after Plaintiff provided information to Experian and Trans Union including sworn statements and police reports.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331, pursuant to the FCRA, 15 United States Code Section 1681, et seq.

3. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

4. Venue is proper in this District as the acts and transactions described herein occur in this District.

5. At all material times herein, Plaintiff is a natural person residing in Orange County, Florida.

6. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

8. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the

consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

9. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

10. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

11. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

12. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

13. Under the FCRA, after a furnisher of information receives notification

pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

14.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

15.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

16.     At all material times herein, Plaintiff is an alleged "consumer" or

"debtor" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

17. At all material times herein, Plaintiff did not open the Accounts, Plaintiff did not authorize any individual or entity to open the Accounts in her name, Plaintiff did not use the Accounts in any manner, and Plaintiff did not receive the benefit of any good or services as a result of any transactions made using the Accounts.

18. At all material times herein, Discover, CBNA, TD Bank, Chase, and GoodLeap each furnish information to Experian and Trans Union regarding the Accounts referenced by account numbers beginning:

    a. Discover Account – 601100-;

    b. CBNA Account – 601165-;

    c. TD Bank Account – 110477-;

    d. Chase Account – 123324-;

    e. GoodLeap Account – 230217- (hereinafter collectively, the "Accounts").

19. At all material times herein, Discover, CBNA, TD Bank, Chase, and GoodLeap each furnish, report, and publish specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

20. At all material times herein, Experian and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of

the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax, Experian, and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

21. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

22. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

23. For over a year now, Plaintiff has been dealing with identity theft and fraud.

24. On numerous occasions, Plaintiff has unsuccessfully attempted to correct this erroneous and fictitious reporting of numerous fraudulent accounts on her credit reports and credit files to no avail.

25. During or before March 2024, accounts furnished by Discover, CBNA, TD Bank, Chase, and GoodLeap were allegedly opened in Plaintiff's name (the "Accounts").

26. To the extent the Accounts were opened by an individual or entity, such individual or entity opened the Accounts without Plaintiff's consent, knowledge, or approval.

27. Furthermore, Plaintiff had never owned nor opened an account of any

6

type with Discover, CBNA, TD Bank, Chase, and GoodLeap.

28.     Plaintiff did not receive billing statements at her address from Discover, CBNA, TD Bank, Chase, and GoodLeap regarding the Accounts.

29.     To the extent that charges were made on the Accounts after their inception resulting in an alleged balance due, Plaintiff did not make any such charges herself, Plaintiff did not authorize any other individual or entity to make charges for themselves or on Plaintiff's behalf, and Plaintiff did not receive the benefit of any goods or services as a result of charges made on the Accounts.

30.     On or about August 31, 2023, Plaintiff filed a police report with the Orange County Sheriff's Office regarding identity theft and the fraudulent charges made on the Accounts referenced by police report incident number T23000547, in which Plaintiff agreed to prosecute the perpetrator(s) if identified.

31.     On or about June 24, 2024, Plaintiff filed an Identity Theft Report with the Federal Trade Commission under penalty of perjury, referenced by FTC report number 173338196.

**DEFENDANTS' CREDIT REPORTING OF THE ACCOUNT
AND PLAINTIFF'S DISPUTES PURSUANT TO THE FCRA**

32.     During or around June 2024, Plaintiff obtained copies of her consumer disclosure reports from Experian and Trans Union.

33.     Despite never personally opening the Accounts nor authorizing anyone to open the Accounts on her behalf, Discover, CBNA, TD Bank, Chase, GoodLeap, Experian and Trans Union reported the respective Accounts as owed by Plaintiff

personally with significant balances due and past due.

34. More specifically, Trans Union reported the Chase Account as open with a balance due and past due of $47,223.00.

35. Likewise, Trans Union reported the GoodLeap Account as open with a balance due of $12,438.00.

36. Additionally, Trans Union reported the TD Bank Account as closed with a balance due and past due of $8,497.00.

37. On Plaintiff's Experian credit report, Experian reported the Discover Account as closed with a balance due and past due of $932.00.

38. Additionally, Experian reported the CBNA Account as closed with a balance due and past due of $1,409.00.

39. Defendants' reporting of the Accounts with balances due or past-due in excess of $0.00 as of June 2024 is inaccurate because any alleged balance owed was the result of identity theft and fraud.

40. Additionally, Discover, CBNA, TD Bank, Chase, GoodLeap, Experian and Trans Union reported the Accounts with opening dates ranging from 2020 to 2024 and with dates of most recent activity up until 2024.

41. To be clear, Plaintiff never opened the Accounts and did not make any payments on the Accounts.

42. Defendants' reporting of historical or current late payment information is similarly inaccurate because any alleged balance owed was the result of identity theft and fraud, and therefore, Plaintiff could not be late or past-due on a balance she does

8

not owe.

43. During or about June 2024, and upon information and belief, Plaintiff repeatedly disputed Defendants' reporting of the Accounts via telephone and online.

44. Experian received Plaintiff's disputes.

45. Experian communicated Plaintiff's disputes to Discover and CBNA.

46. Discover and CBNA received notice of Plaintiff's disputes via Experian.

47. In response to Plaintiff's disputes, Experian purportedly verified the Accounts and continued to report the Accounts on Plaintiff's credit report and credit file as maintained by Experian with balances due and past due and with a status of charged off.

48. Trans Union received Plaintiff's disputes.

49. Trans Union communicated Plaintiff's disputes to Chase, GoodLeap, and TD Bank.

50. Chase, GoodLeap, and TD Bank received notice of Plaintiff's disputes via Trans Union.

51. In response to Plaintiff's disputes, Trans Union purportedly verified the Accounts and continued to report the Accounts on Plaintiff's credit report and credit file as maintained by Trans Union with balances due and past due and with several bearing a status of charged off.

52. On or about July 31, 2024, Plaintiff sent letters, with the assistance of her attorneys, to Experian, and Trans Union, respectively, disputing Defendants' ongoing reporting of the Accounts with balances owed and as belonging to Plaintiff

(hereinafter, "July Written Dispute").

53. More specifically, Plaintiff's July Written Dispute advised Experian and Trans Union that the Accounts did not belong to Plaintiff and requested that Defendants delete the Accounts from her credit reports and credit files.

54. Also, in support of her July Written Dispute, Plaintiff sent a copy of her drivers license, social security card, police report, and identity theft report.

55. Experian received Plaintiff's July Written Dispute.

56. Experian communicated Plaintiff's July Written Dispute to Discover and CBNA.

57. Discover and CBNA received notice of Plaintiff's July Written Dispute via Experian.

58. In response to Plaintiff's July Written Dispute, Experian purportedly verified the Accounts and continued to report the Accounts on Plaintiff's credit report and credit file as maintained by Experian with balances due and past due and with a status of charged off.

59. Trans Union received Plaintiff's July Written Dispute.

60. Trans Union communicated Plaintiff's July Written Dispute to Chase, GoodLeap, and TD Bank.

61. Chase, GoodLeap, and TD Bank received notice of Plaintiff's July Written Dispute via Trans Union.

62. In response to Plaintiff's July Written Dispute, Trans Union purportedly verified the Accounts and continued to report the Accounts on Plaintiff's credit report

and credit file as maintained by Trans Union with balances due and past due and with several bearing a status of charged off.

63. As of the date of this Complaint, Experian, Trans Union, Discover, CBNA, TD Bank, Chase, and GoodLeap continue to report the Accounts on Plaintiff's credit reports and in Plaintiff's credit files as a negative, derogatory, and adverse accounts with significant—and inaccurate—balances past-due.

## DAMAGES

64. As a result of Defendants' reporting of the Accounts, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Accounts if she needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

65. As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Accounts with balances past-due, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Accounts with late payment information resulting in the Accounts being reported as a derogatory, negative, or adverse account.

66. Most importantly, Plaintiff was denied credit from Discover, Net Credit, AMC Visa, etc. due to her adverse and erroneous credit history.

67. Overall, Plaintiff suffered damage to her reputation as a result of

11

Defendants' conduct.

68. Further, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that she did not initiate or authorize the opening of the Accounts including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Accounts.

69. Plaintiff retained the undersigned law firms for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
**(As to Experian and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through sixty-nine (69) as if fully restated herein and further states as follows:

70. Experian and Trans Union are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

71. Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports with respect to the Accounts.

72. Specifically, despite Plaintiff *repeatedly* advising Experian and Trans Union that Plaintiff did not open the Accounts, did not authorize any other person to open the Accounts in her name or on her behalf, did not make any charges on the Accounts, did not receive the benefit of any money, goods, or services obtained as a result of any transactions or charges made on the Accounts —and therefore, the Accounts was opened as a result of identity theft and fraud—Experian and TransUnion each continued to report the Accounts with balances due, with balances past-due, and as charged off resulting in the Accounts being reported as a derogatory, negative, or adverse accounts in Plaintiff's credit reports and credit files.

73. Further, Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Experian and TransUnion credit reports and credit files.

74. For example, despite Plaintiff's repeated disputes including an FTC Identity Theft Report and a police report, as well as Plaintiff's social security card and drivers license, neither Experian nor Trans Union deleted the Accounts from Plaintiff's credit reports and credit files in response to any of Plaintiff's disputes, and none requested documents from Discover, CBNA, TD Bank, Chase, and GoodLeap in support of Discover, CBNA, TD Bank, Chase, and GoodLeap's reporting of the Accounts.

75. Despite Plaintiff notifying Experian and Trans Union of their reporting

errors and providing documents in support of her disputes, Experian and Trans Union each continued to report the Accounts with balances due, balances past-due, and charged off, and each subsequently published Plaintiff's credit reports to Plaintiff's current creditors and/or potential future creditors including the inaccurately reported Accounts.

76. As a result of Experian's and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Accounts, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Accounts with late payment information resulting in the Accounts being reported as a derogatory, negative, or adverse tradeline account.

77. Furthermore, due to the erroneous and derogatory reporting of the Accounts on Plaintiff's credit reports, Plaintiff was denied credit from Discover, Net Credit, AMC Visa, etc. because of the adverse reporting of the Account and the impact it caused to Plaintiff's credit worthiness.

78. Experian's and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

79. Experian's and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the

FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i *et seq.*
### (As to Experian and Trans Union)

Plaintiff re-alleges paragraphs one (1) through sixty-nine (69) as if fully restated herein and further states as follows:

80. Experian and Trans Union are each subject to, and each violated the provisions of, 15 United States Code, Section: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

81. Specifically, Experian and Trans Union each willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

82. Overall, Plaintiff's initial disputes and July Written Dispute provided Experian and Trans Union with sufficient information and supporting documentation

15

allowing Experian and Trans Union to identify that the alleged balance owed on the Accounts was created as a result of identity theft and fraud, and therefore, should be deleted and removed from Plaintiff's credit reports and credit files.

83. For example, despite Plaintiff's repeated disputes including an FTC Identity Theft Report and a police report, as well as Plaintiff's social security card and drivers license, neither Experian nor Trans Union deleted the Accounts from Plaintiff's credit reports and credit files in response to any of Plaintiff's disputes, and neither requested documents from Discover, CBNA, TD Ban, Chase, and GoodLeap in support of Discover, CBNA, TD Bank, Chase, and GoodLeap's reporting of the Accounts.

84. Following Plaintiff's July Written Dispute, Experian and Trans Union continued to report the Accounts in Plaintiff's credit reports and files with significant balances due as well as derogatory, late payment information.

85. Given that Plaintiff did not personally open the Accounts, did not authorize anyone to open the Accounts in her name, and did not benefit from the Accounts in any way, and given that Experian and Trans Union did not request any documents from Discover, CBNA, TD Bank, Chase, and GoodLeap supporting Discover, CBNA, TD Bank, Chase, and GoodLeap's reporting of the Accounts, Experian and TransUnion could not reasonably verify that Plaintiff is personally responsible for the balances allegedly owed on the Accounts.

86. Experian and Trans Union each continued to inaccurately report the Accounts with derogatory, late payment information, as charged-off, and with

significant balances past-due following Plaintiff's July Written Dispute, causing the Account to be reported as a derogatory, negative, or adverse account.

87. As such, Experian's and Trans Union's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Accounts was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

88. Such reporting is false and evidences Experian's and Trans Union's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

89. Experian's and Trans Union's reinvestigations of Plaintiff's disputes were not conducted reasonably.

90. Experian's and Trans Union's reinvestigations merely copied and relied upon the inaccurate information conveyed by Discover, CBNA, TD Bank, Chase, and GoodLeap.

91. Experian's and Trans Union's reinvestigations of Plaintiff's disputes were not conducted in good faith.

92. Experian's and Trans Union's reinvestigation procedures are unreasonable.

93. Experian's and Trans Union's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian and Trans Union.

94. Experian's and TransUnion's failure to review and reasonably consider all information received in Plaintiff's disputes—which clearly showed the alleged

balance was created as a result of identity theft and fraud—was done in bad faith.

95. Experian's and Trans Union's reinvestigations were *per se* deficient by reason of these failures in Experian's and Trans Union's reinvestigations of Plaintiff's disputes and the Accounts.

96. As a result of Experian's and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, were deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Accounts, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Accounts with late payment information resulting in the Account being reported as a derogatory, negative, or adverse account.

97. Furthermore, due to the erroneous and derogatory reporting of the Account on Plaintiff's credit reports, Plaintiff was denied credit from Discover, Net Credit, AMC Visa, etc. because of the adverse reporting of the Account and the impact it caused to Plaintiff's credit worthiness.

98. Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

99. Experian's and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both— with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive,

damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Experian and Trans Union for maximum statutory damages for violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Compensatory damages in an amount to be determined at trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

        Respectfully submitted,

        **SWIFT LAW PLLC**

        */s/ Jon P. Dubbeld*
        Jon P. Dubbeld, Esq., FBN 105869
        11300 4th Street North, Suite 260

St. Petersburg, FL  33716
Phone: (727) 300-1929
Fax: (727) 255-5332
jdubbeld@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

and

**F&H LAW GROUP, P.A.**

/s/ *Ryan C. Hasanbasic*
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
ryan@fhlawpa.com
1807 Short Branch Drive
Suite 101
Trinity, Florida 34655
Telephone: (813) 221-0500
Facsimile (727) 943-3203
*Co-counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2024, I filed a true and correct copy of the above and foregoing *Complaint* via CM/ECF which shall serve a copy of the same to all counsel of record.

/s/ *Jon P. Dubbeld*
Attorney